[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12967
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 24, 2009
THOMAS K. KAHN
CLERK

_____

D. C. Docket No. 08-00383-CR-KD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO LUGO-VALDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 24, 2009)

Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Defendant-Appellant Francisco Lugo-Valdez appeals his 12-month sentence imposed for illegal re-entry into the United States. No reversible error has been shown; we affirm.

Defendant contends that the district court erred in the calculation of his guideline sentence when it applied a four-level enhancement under U.S.S.G. § 2L1.2(b)(1)(E) based on three or more earlier convictions for misdemeanor drug-trafficking offenses. With the enhancement, the guidelines range was 10 to 16 months. According to Defendant, some of the state-court drug convictions used to support the enhancement were obtained without the assistance of counsel or an interpreter. The district court overruled Defendant's objections to the application of the four-level section 2L1.2(b)(1)(E) enhancement; a within guidelines range sentence of 12 months was imposed.

At sentencing, the district court stated:

> [I]f I have calculated the sentencing guidelines incorrectly by applying the misdemeanor offense when it should not be applied, the Court would still find that a 12-month sentence is a reasonable sentence considering all of the factors I just set forth [defendant's repeated violations of the law and repeated illegal reentries], his likelihood of recidivism and apparent unwillingness to abide by the law.

We review the district court's guidelines interpretation de novo; its factual findings are reviewed for clear error. United States v. Jordi, 418 F.3d 1212, 1214

2

(11th Cir. 2005).  Where -- as is the case here -- the district court states that it would have imposed the same sentence irrespective of the disputed guidelines calculation, we need not resolve the guideline issue if the sentence imposed is substantively reasonable.  And "[i]n determining whether it is reasonable we must assume that there was a guidelines error -- that the guidelines issue should have been decided in the way the defendant argued and the advisory range reduced accordingly -- and then ask whether the final sentence resulting from consideration of the § 3553(a) factors would still be reasonable."  United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006).

The district court has "considerable discretion" in deciding whether and the extent to which a variance is appropriate under the  section 3553(a) factors; and we must accord the district court's decision "due deference."  United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir.), cert. denied, 129 S.Ct. 2847 (2009).  We may vacate a sentence on the basis of a variance only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  Id. (citation omitted).

Had the district court decided the enhancement issue in Defendant's favor, the advisory guidelines range would have been two to eight months'

3

imprisonment.[1] The 12-month sentence imposed represented a four-month upward variance from the high end of the guidelines range and was well below the statutory maximum of ten years. See United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (considering statutory maximum in the course of reasonableness assessment). The district court supported the variance by reference to Defendant's recidivism and apparent unwillingness to abide by the law. The justifications cited by the district court amply support the four-month upward variance imposed.[2]

If there was a misapplication of the section 2L1.2(b)(1)(E) enhancement, "the error did not affect the district court's selection of the sentence imposed," Williams v. United States, 112 S.Ct. 1112, 1121 (1992); the error was harmless. See Fed.R.Crim.P. 52(a).

AFFIRMED.

---

[1]Even after factoring out all four of the offenses that Defendant claims should not be considered in calculating his sentence (three misdemeanor drug convictions and one trespass conviction), Defendant's criminal history category was III -- not II as Defendant mistakenly calculates.

[2]Undisputed prior convictions and orders of removal from the United States on at least three occasions before the instant offense, support the district court's conclusions about likely recidivism and apparent unwillingness to abide by the law. See United States v. Beckles, 565 F.3d 832, 844 (11th Cir.) (district court may rely on undisputed statements found in the PSI), cert. denied (U.S. Oct. 5, 2009) (No.09-5482).